IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY,

      Plaintiff,

v.             CIVIL ACTION NO.   5:13-cv-21730

ERNEST W. FACELLO and
NANCY A. FACELLO,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Plaintiff, Nationwide Mutual Fire Insurance Company's *Motion for Judgment on the Pleadings* (Document 10) and accompanying *Memorandum in Support* (Document 11), filed on December 23, 2013.  After careful consideration of the parties' written submissions and the entire record, the Court finds that the Plaintiff's motion should be granted.

**I.  BACKGROUND**

This declaratory judgment action arises from a fire and ensuing dispute over whether the policy of the Plaintiff-Insurer, Nationwide Mutual Fire Insurance Company (Nationwide), provides coverage for the loss of the Defendants' dwelling.  Specifically at issue is whether the policy provides coverage to a dwelling offered as a rental property, rather than used as the insured's primary residence. Nationwide claims it need not extend coverage under the clear,

unambiguous terms of the insurance policy while the Defendants, Facellos, claim, via their answer, that they are indeed entitled to coverage.

The Nationwide insurance policy at issue is Policy Number 92 47 HO 726926 (Policy), which was in effect on June 4, 2013. (Compl. at 1; Document 1 at 1.) The Policy is a homeowner insurance policy that covers the named insured, or the Facellos, at 8276 Interstate Hwy, Ikes Fork, WV 24845, including a dwelling (Dwelling), which is described further as a one family frame dwelling, constructed in 1978. (Document 1 at 7-8). The Policy, in effect from July 1, 2012, to July 1, 2013, indicates that the Facellos paid a total premium of $1,005.50 for coverage in the amount of $105,100 for the Dwelling. (*Id*. at 7-9.) The uncontroverted facts reveal that the Facellos rented out the Dwelling to Jamie and Marlene Matney in a rent-to-own agreement, and that the Matneys used the Dwelling as their primary residence for the eight (8) to nine (9) months preceding June 4, 2013. (*Id*. at ¶ 7.) On June 4, 2013, the Dwelling was destroyed by fire, and the Facellos asserted a claim for payment under the Policy. (Id. at ¶¶ 8-10.) Nationwide denied coverage and filed suit in this Court seeking a declaration that they need not pay.

Nationwide filed their *Complaint for Declaratory Relief* (Document 1)[1] on August 12, 2013, and the Facellos filed their *Answer* (Document 17) on October 31, 2013.[2] [3] As mentioned

---

[1] The Court notes that the Plaintiff appended a copy of Policy Number 92 47 HO 726926 to its complaint. (*See* Document 1 at 7-51.) The Court deems the Policy integral to the complaint, explicitly relied on, and authentic. *See Blankenship v. Manchin*, 471 F.3d 523, 526, note 1 (4th Cir. 2006) (noting that the court would consider an article attached to the defendant's motion to dismiss because it was integral to, and relied upon in, the complaint and its authenticity was not questioned); *Phillips v. LCI Int'l Inc.,* 190 F.3d 609, 618 (4th Cir. 1999) (stating that "a court may consider [a document outside the complaint] in determining whether to dismiss the complaint" where the document "was integral to and explicitly relied on in the complaint" and its authenticity has not been challenged.)

[2] The Court notes that the Defendants re-filed their answer as the original one was deficient, namely, it was not signed nor accompanied by a certificate of service. (*See* Document 15.) The Defendants filed a *Motion for Leave to File Rules Compliant Answer* (Document 17) on February 11, 2014, and the Court granted said motion by *Order* (Document 19) issued on February 19, 2014.

above, Nationwide filed its *Motion for Judgment on the Pleadings* (Document 10), and accompanying *Memorandum in Support* (Document 11) on December 23, 2013.  To date, the Defendants have not filed a response or opposition to the instant motion.

## II.     APPLICABLE LAW

The Declaratory Judgment Act, 28 U.S.C. § 2201, provides that district courts "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." [4]  28 U.S.C. § 2201.  This power is discretionary, but the Fourth Circuit Court of Appeals has explained that a declaratory judgment action "is appropriate when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and . . . when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding."  P*enn–America Ins. Co. v. Coffey*, 368 F.3d 409, 412 (4th Cir.2004) (internal quotation marks omitted).  "It is well established that a declaration of parties' rights under an insurance policy is an appropriate use of the declaratory judgment mechanism."  *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 494 (4th Cir. 1998).

"When a federal court's jurisdiction is based on diversity, it must apply state substantive law and federal procedural law."  *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S 415, 427 (1996).

---

3     The Court further notes that the Defendants purportedly included in their answer a motion to dismiss, yet a review of the answer uncovers no argument for dismissal beyond the title of the pleading and the prayer for relief. For example, the Defendants state in ¶ 1 of the answer that "[t]he complaint for declaratory relief fails to stats (sic) a cause of action upon which the Plaintiff may be awarded the relief sought thereby," yet inexplicably the Defendants, in ¶ 5, admit "that 28 U.S.C. § 2201 does provide authority for this Court to declare the rights of parties in actions such as the one filed . . ."  This inconsistency reveals that the Defendants' motion to dismiss based on a failure to state a claim is hollow and lacking in merit.

4     Title 28, Section 2201, of the United States Code provides, in pertinent part: "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."  *Id.*

"The standard for summary judgment is procedural, therefore, the federal standard applies." *Id*. (citation omitted).

### III. STANDARDS OF REVIEW

*A. Summary Judgment*

The instant motion for judgment on the pleadings is brought pursuant to Fed. R. Civ. P. 12(c), which states, in relevant part, that "after the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings must be analyzed under the same standard as a motion for summary judgment pursuant to Fed. R. Civ. P. 56. *King v. Gemini Food Servs. Inc.*, 562 F.2d 297 (4th Cir. 1977). "[A] party is entitled to summary judgment in its favor if the pleadings . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *McMellon v. U.S.*, 395 F.Supp.2d 411 (S. D. W. Va. 2005) (Goodwin, J.) (citation omitted); S*ee* also *Hunt v. Cromartie,* 526 U.S. 541, 549 (1999); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986).

The moving party bears the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. *Celotex,* 477 U.S. at 322–23. However, the non-moving party must offer some "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson,* 477 U.S. at 256. In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter." *Anderson,* 477 U.S. at 249. Instead, the Court will draw any permissible inference from the

4

underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

    B.  *Determination of Insurance Policy Coverage*

The Supreme Court of Appeals of West Virginia has instructed that the "[d]etermination of the proper coverage of an insurance contract when the facts are not in dispute is a question of law." *Tennant v. Smallwood,* 211 W.Va. 703, 706, 568 S.E.2d 10 (2002) (citation and quotation omitted). "[W]here the provisions of an insurance policy contract are clear and unambiguous they are not subject to judicial construction or interpretation, but full effect will be given to the plain meaning intended." *Keffer v. Prudential Ins. Co.,* 153 W.Va. 813, 815–16, 172 S.E.2d 714 (1970) (citations omitted).

On the other hand, if a policy's provisions are ambiguous they will be liberally construed in favor of the insured. *Aetna Cas. & Sur. Co. v. Pitrolo,* 176 W.Va. 190, 194, 342 S.E.2d 156 (1986) (citations omitted) ("since insurance policies are prepared solely by insurers, any ambiguities in the language of insurance policies must be construed liberally in favor of the insured.") However, "such construction should not be unreasonably applied to contravene the object and plain intent of the parties." Syl. Pt. 6, *Hamric v. Doe*, 201 W.Va. 615, 499 S.E.2d 619 (1997) (quoting Syl. Pt. 2, *Marson Coal Co. v. Ins. Co. of State of Pennsylvania*, 158 W.Va. 146, 210 S.E.2d 747 (1974)). A policy provision is ambiguous if it is "reasonably susceptible of two different meanings or . . . of *such doubtful meaning that reasonable minds might be uncertain or disagree as to its meaning*." *Glen Falls Inc. Co. v. Smith*, 217 W.Va. 213, 617 S.E.2d 760, 768 (2005) (quoting Syl. Pt. 5, *Hamric*, 499 S.E.2d 619 (emphasis in original)).

5

If coverage is not intended to apply, the policy should clearly indicate that insurance is not available. "An insurer wishing to avoid liability on a policy purporting to give general or comprehensive coverage must make exclusionary clauses conspicuous, plain and clear, placing them in such a fashion as to make obvious their relationship to other policy terms, and must bring such provisions to the attention of the insured." *Satterfield v. Erie Ins. Property and Cas.,* 217 W.Va. 474, 479, 618 S.E.2d 483, 487 (quoting Syl pt. 10, *Nat'l Mut. Ins. Co. v. McMahon & Sons, Inc.,* 177 W.Va. 734, 356 S.E.2d 488 (1987), overruled on other grounds by *Potesta v. U.S. Fidelity & Guard. Co.*, 202 W.Va. 308, 504 S.E.2d 135 (1998)).

## IV.   DISCUSSION

The Court notes as an initial matter that the requested relief is predicated on 28 U.S.C. § 2201, and that neither party disputes or challenges the Court's jurisdiction.  (*See* Document 17-1 at 2.)  The Court also notes that jurisdiction is based on complete diversity of citizenship, pursuant to 28 U.S.C. § 1332, because the Plaintiff is authorized to do business in West Virginia and its principal place of business is Ohio while the Defendants are residents of the State of West Virginia.[5]  (*See* Document 1 at 1; Document 17-1 at 1-2.)  Further, the amount in controversy attendant to diversity jurisdiction appears to be satisfied because the amount at issue, $105,100, exceeds $75,000, exclusive of interest and fees.  (Document 1 at 2; Document 17-1 at 2.) Importantly, the Court finds that resolution of the instant declaratory judgment action would serve "a useful purpose" and "afford[ ] relief" to the parties in resolving the dispute by eliminating the

---

5    The Court notes that the Defendants' Answer makes reference to "researching an action against the agent/broker who procured the insurance for [the Facellos]."  (Document 17-1 at 2.)  The present posture of the case, however, indicates that no other party has been joined or otherwise interpled, and the Court is unaware of an ancillary state proceeding.   Thus, the Court will not assume that a claim has been filed in state court by the Defendants, and the *Nautilus* inquiry is therefore inapplicable.   See *Nautilus Ins. Co. v. Winchester Homes, Inc.,* 15 F.3d 371 (4th Cir. 1994).

6

uncertainty surrounding whether Nationwide has to provide coverage under the homeowners policy.

  A. *Complaint*

In their complaint for declaratory relief, Nationwide attaches a copy of the policy at issue, and directs the Court's attention to Section I, Property Coverage, Coverage Agreements, which states in pertinent part:

> **COVERAGE A – DWELLING**
>
> **We** cover:
>
> 1. the dwelling on the residence premises used mainly as your private residence, including attached structure and attached wall-to-wall carpeting.
>
> **COVERAGE C – PERSONAL PROPERTY**
>
> We cover personal property owned or used by an insured at the residence premises.

(Document 1 at 14.) Nationwide asks this Court to declare and adjudge:

> 1. That the Policy does not provide insurance coverage for any damage to or destruction of any real or personal property or any damage related to the damage to or destruction of any real or personal property as claimed by the Facellos and Nationwide is not obligated to make any payment to the Facellos or either of them because of any such damage or destruction.
>
> 2. That the Court grant any other relief it may deem appropriate.

(Document 1 at 4.)

  B. *Motion for Judgment on the Pleadings*

Nationwide argues it is entitled to judgment on the pleadings because "at the time [of the fire], the dwelling at the residence premises was not used as a private residence by the Facellos or

either of them and had not been used as a private residence" and that "[f]or this reason, the Policy does not provide coverage for any damage or loss resulting from the fire described herein." (Document 11 at 8-9.)

Nationwide stresses that the Policy's applicable definitions, together with the fact that the Facellos were the named insured, mandates that it need not provide coverage because the Dwelling was not used by the insured as their main or private residence. Nationwide stresses that the Policy provides that coverage is extended to the dwelling "on the residence premises used mainly as your private residence," and because the Facellos did not use the Dwelling as their private residence, coverage is excluded. (Document 11 at 8-9.) The Court finds that the provisions of the insurance policy are clear and unambiguous, and their plain meaning should be given full effect. Here, the Policy clearly provided coverage to 8276 Interstate Hwy, Ikes Fork, WV 24845, and further declared that this was the Facellos' Residence Premises. (*See* Document 1 at 9.)

The definitions section of the Policy dictates that "residence premises" means "one, two, three or four-family dwelling, other structures and grounds located at the mailing address shown on the Declarations unless otherwise indicated." (Document 1 at 13.) The Policy also defines the "insured" as "you and the following if residents of your household at the residence premises: a) your relatives; b) any other person under age 21 and in the care of you or your relatives." (*Id*. at 12.) Further, "insured location" is defined as "the residence premises," while "you" and "your" are clearly defined and unambiguously refer to the "named insured shown in this policy who resides at the residence premises." (*Id*.)

Thus, because the complaint and answer reveal that the Facellos did not live at or use the Dwelling as their primary residence, but instead, rented it out to the Matneys under a rent-to-own

8

agreement and it was used as the *Matney's* primary residence, the insurance policy does not provide coverage for the June 2013 loss. The clear, plain and unambiguous language of the Policy dictates that coverage extended to 8276 Interstate Hwy, Ikes Fork, WV, where the Dwelling was situated, but only while the Facellos, or insured, used it as their primary residence. Hence, Nationwide need not pay any amounts due to the fire-related loss because the Facellos did not use the 8276 Interstate Hwy, Ikes Fork, WV, as their primary residence, but instead rented the Dwelling out to the Matneys. The Court notes that the Defendants have not presented any facts to raise, let alone establish, a genuine issue of material fact as to the applicability of coverage under the Policy to the uncontroverted facts.

Additional support for the Court's conclusion is found in COVERAGE B – OTHER STRUCTURES, which states that Nationwide will "cover other structures on the residence premises. . . . We do not cover: 1. other structures used in whole or in part for business purposes[;] 2. other structures rented or held for rental to anyone, unless used solely as a private garage." (Document 1 at 14.). Thus, while the policy language in Section B, *supra*, clearly mandates that coverage to the Dwelling only applies if the insured uses it as a private residence, the above quoted Policy language indicates that Nationwide would not cover any other structures on the property used for business purposes, including a rental unit.

Further, under COVERAGE C – PERSONAL PROPERTY, PROPERTY NOT COVERED, Nationwide makes it clear that they will not cover: "property of roomers, boarders, and other tenant. Personal property, at the residence premises, belonging to roomers and boarders related to an insured is covered [but] property in an apartment regularly rented or held for rental to others by an insured [is not]." (Document 1 at 15-16.)

9

Finally, pursuant to COVERAGE D – LOSS OF USE, Nationwide explicitly states that it will not "cover loss or expense due to cancellation of a lease or agreement. This coverage does not apply to an insured's business, whether conducted on or off any insured location." (*Id*. at 16.) "Business" is defined by the Policy, in relevant part, as including "any occasional business pursuits of an insured, including ownership of rental property." (*Id*. at 12.) The Court finds that to hold otherwise would subject Nationwide to extend coverage for a significantly different set of circumstances than were originally contracted for between the parties. Thus, based on the language of the Policy itself, the Court finds that the Plaintiff has no duty to extend monies under the provisions of the Policy to cover the loss of the Dwelling by fire, and that the Plaintiff is entitled to judgment as a matter of law.

## CONCLUSION

Wherefore, based on the findings herein, the Court does hereby **ORDER** that Nationwide Mutual Fire Insurance Company's *Motion for Judgment on the Pleadings* (Document 10) be **GRANTED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: February 28, 2014

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA